FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUN 13 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   COMPLAINT
GARY D. GOTLIN, Public Administrator of Richmond County,
as temporary administrator of the ESTATES of STANLEY
STREETER,

Docket No. CV11-2841

                          Plaintiff,           Jury Trial Demanded

SUMMONS ISSUED

-against-

AMON, CH.J.

CITY OF NEW YORK, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

CARTER, M.J.

                          Defendants.
------------------------------------------------------------X

      Plaintiff, by his attorneys, Ameduri, Galante & Friscia, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Decedent, Stanley Streeter was an African American male who resided in Staten Island, New York.

7. By Order of Honorable Robert Gigante, Surrogate of Richmond County, Plaintiff Gary Gotlin, Public Administrator of Richmond County was appointed temporary administrator of the Estate of Stanley Streeter for the express purpose of serving a Notice of Claim and commencing this action.

8. Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant City of New York maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

10. Defendant City of New York maintains the New York City Fire Department, Emergency Medical Service (hereinafter referred to as "EMS"), a duly authorized public authority and/or fire department/"EMS", authorized to perform all functions of a fire department/"EMS" as per the applicable sections of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants, John

and Jane Doe 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned, the individually named defendants, John and Jane Doe 1 through 10, were duly sworn "EMS" Paramedics and EMTs of said department and were acting under the supervision of said department and according to their official duties.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in purported compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

15. On March 16, 2010, at approximately 2:30 a.m., three police officers and two EMTs arrived at the address of the decedent, 106 Quinlan Avenue, Staten Island, New York in response to a telephone call from the parents of Tacqwana Burch, decedent's fiancée and mother of two of his children.

16. On March 16, 2010, at approximately 2:30 a.m. the decedent, without offering any resistance departed his residence with EMT personnel in an ambulance with a police vehicle following thereafter.

17. That over the course of the next two to two and one half hours the decedent was transported back and forth to and from Richmond University Medical Center and Bayley Seton Hospital by defendants, agents, servants and/or employees.

18. That while the decedent was in the exclusive custody and care of the defendants,

3

being transported from Bayley Seton Hospital to Richmond University Medical Center, Stanley Streeter somehow ended up outside the ambulance on the street.

19. That the police officers and EMT personnel negligently transported or supervised the transport of Stanley Streeter.

20. That the police officers negligently, recklessly and carelessly attacked and tackled Stanley Streeter causing grave injuries resulting in his death.

21. The aforementioned attack was performed knowingly, intentionally, and willfully without provocation or cause.

22. Stanley Streeter endured conscious pain and suffering as a result of their injuries.

23. All of the above occurred while other defendant NYPD officers and EMT personnel who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating, and supervising of its employees, and due to discrimination against plaintiff based on his race.

25. The aforesaid event is not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

26. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate

the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant City of New York, NYPD was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York, NYPD has retained these officers, and failed to adequately train and supervise them.

28. Moreover, upon information and belief, defendant City of New York, NYFD "EMS" was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York, NYFD "EMS" has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, decedent Stanley Streeter sustained, *inter alia*, physical injuries, conscious pain and suffering, loss of life, and deprivation of his liberty and his constitutional rights.

30. As a result of the foregoing, decedent's four children, Stanley Jaquan Streeter, Jaquesha Streeter, Divine Stanley Streeter and Sakara Bertha-Ann Streeter, sustained, *inter alia*, pecuniary injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of Stanley Streeter 's constitutional rights.

33. As a result of the aforementioned conduct of defendants, Stanley Streeter was seized, subjected to excessive force, and sustained physical injuries, ultimately resulting in his wrongful death.

34. As a result of the foregoing the estate of Stanley Streeter, is entitled to compensatory damages for the decedents' conscious pain and suffering and loss of enjoyment of life and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The defendants assaulted, battered, and killed Stanley Streeter because of his race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

37. As a result of the foregoing, Stanley Streeter was deprived of his rights under the Equal Protection Clause of the United States Constitution.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants had an affirmative duty to intervene on behalf of Stanley Streeter, whose constitutional rights were being violated in their presence by other officers.

40. The defendants failed to intervene to prevent the unlawful conduct described herein.

41. As a result of the foregoing, Stanley Streeter was subjected to excessive force and put in fear for his safety.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants personally caused Stanley Streeter's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, the use of deadly force against individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of Stanley Streeter's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers, and EMT employees including the individual defendants, defendant City of New York has tacitly authorized, ratified,

and has been deliberately indifferent to, the acts and conduct complained of herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York Police Department and the New York Fire Department "EMS" EMT's constituted deliberate indifference to the safety, well-being and constitutional rights of Stanley Streeter.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York Police Department and the New York Fire Department "EMS" were the direct and proximate cause of the constitutional violations suffered by Stanley Streeter as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York Police Department and the New York Fire Department "EMS" EMT's were the moving force behind the Constitutional violations suffered by plaintiff Stanley Streeter as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York Police Department and the New York Fire Department "EMS", Stanley Streeter was subjected to excessive and deadly force resulting in his wrongful death.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Stanley Streeter's constitutional rights.

52. All of the foregoing acts by defendants deprived Stanley Streeter of federally protected rights, including, but not limited to, the right:

    A. To be free from the use of excessive force and/or the failure to intervene;

    B. To receive equal protection under law.

53. As a result of the foregoing, the estate of Stanley Streeter, is entitled to compensatory damages for loss of the decedents enjoyment of life in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of N.Y.S. Wrongful Death Statute)

59. Plaintiff reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants' wrongful act of attacking, tackling and assaulting Stanley Streeter without cause or provocation caused the death of Stanley Streeter .

Case 1:11-cv-02841-VMS   Document 1   Filed 06/13/11   Page 10 of 15 PageID #: 10

61. Defendants' would have been liable to Stanley Streeter had their wrongful act of attacking, tackling and assaulting him without cause or provocation not caused his death.

62. Stanley Streeter is survived by his children as aforesaid who have suffered pecuniary losses as a result of his wrongful death, in that they had a reasonable expectation of support from the decedent, and incurred expenses relating to his death.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, Stanley Streeter was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, Stanley Streeter suffered physical pain and mental anguish, together with shock, fright, apprehension and physical injuries resulting in his death.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants made offensive contact with Stanley Streeter without privilege or consent in that they forcibly attacked and tackled him.

68. As a result of defendants' conduct, Stanley Streeter consciously suffered physical pain and mental anguish, together with shock, fright, apprehension and physical injuries resulting in his death.

### AS AND FOR A NINTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress under the laws of the State of New York)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City of New York.

72. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

73. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Stanley Streeter.

74. As a result of the aforementioned conduct, Stanley Streeter suffered emotional distress, physical and mental injury, together with, shock, fright, and loss of freedom.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants whose conduct caused the pain, suffering and death of Stanley Streeter.

77. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants whose conduct caused the pain, suffering and death of Stanley Streeter.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

83. As a result of defendants' conduct, Stanley Streeter was deprived of his right to equal protection of laws.

84. As a result of the foregoing, the decedents' estate is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Survival Claim)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants' attacking, tackling, beating and using excessive force upon Stanley Streeter without cause or provocation caused Stanley Streeter to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

87. Stanley Streeter filed no action during his lifetime, but under the laws of the State of New York, this action survives and may be asserted by his estate.

88. Plaintiff Gary Gotlin, as temporary administrator of the estate of Stanley Streeter's claim, damages for Stanley Streeter's conscious pain suffering and necessary medical expenses incurred prior to his death.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(42 U.S.C § 1983 loss of companionship)

89. All preceding paragraphs are incorporated by reference.

90. Stanley Streeter was the father of Divine Stanley Street (D.O.B. 9/30/01 and Sakara Bertha-Ann Streeter (D.O.B. 6/11/05) and live with them at 106 Quinlan Avenue in Richmond County, New York immediately prior to his confinement and restraint by the defendants and his death.

91. Divine Stanley Streeter and Sakara Bertha-Ann Streeter have a constitutionally defined liberty interest in preserving their integrity and stability of their family from intervention by the City without due process of law which means that, Divine Stanley Streeter and Sakara Bertha-Ann Streeter's right to preserve their family unit were violated by state actors, employees

or agents of same when charged with the responsibility for the care and custody of Stanley Streeter and with notice of his need for mental health treatment did intentionally, deliberately or recklessly ignore same resulting in Stanley Streeter's death and Divine Stanley Streeter and Sakara Bertha-Ann Streeter's loss of their father and the integrity and stability of their family.

92. Divine Stanley Streeter and Sakara Bertha-Ann Streeter have a constitutionally defined liberty interest and right to a relationship with their father; companionship with their father; contact with their father; communication with their father; mutual support; and interaction with their father, and a right not to be dislocated from such emotional attachments that otherwise derive from the constitutionally protected intimacy a child is entitled to enjoy and derive from their parent without due process of law which means that Divine Stanley Streeter and Sakara Bertha-Ann Streeter's rights to all of these intimate personal and private associations with their father, Stanley Streeter were violated by state and city actors, employees or agents of same who charged with the responsibility for the care and custody of Stanley Streeter and with notice of his need for care did negligently, intentionally, deliberately or recklessly ignore same resulting in Stanley Streeter's death and Divine Stanley Streeter and Sakara Bertha-Ann Streeter's loss of their father and the emotional attachments and intimacies that derived from these relationships.

93. In addition, by and through the death of their father as a result of the state and city actions challenged in this complaint by actors, employees or agents of same, by and through intentional, deliberate or reckless indifferent conduct and actions Divine Stanley Streeter and Sakara Bertha-Ann Streeter have been denied all of the the parental rights afforded them by the constitution without due process of law.

94. As a result of the constitutional violations complained of Divine Stanley Streeter, as a son, and Sakara Bertha-Ann Streeter, as a daughter are entitled to fair and just

14

compensation for the loss of intimate association with their father.

95. As a result of the constitutional violations complained of Divine Stanley Streeter, as a son, and Sakara Bertha-Ann Streeter, as a daughter are entitled to fair and just compensation for the loss of the integrity and stability of the family units.

**WHEREFORE**, plaintiff, Gary Gotlin, as temporary administrator of Stanley Streeter's estate, demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 9, 2011

    AMEDURI, GALANTE & FRISCIA
    Attorneys for the plaintiff
    Ameduri, Galante & Friscia
    471 Bement Avenue
    Staten Island, NY 10310
    (718) 442-9000

    By: _____
        ANTHONY L. AMEDURI (AA7701)

    Attorneys for Plaintiff
    LEVENTHAL & KLEIN, LLP
    45 Main Street
    Brooklyn, NY 11201
    (718) 722-4100

    By: _____
        BRET H. KLEIN (BK4744)
    Co-counsel for Plaintiff