UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

TACQWANA BURCH, AS ADMINISTRATRIX OF THE
ESTATE OF STANLEY STREETER,

Plaintiff,

-against-

CITY OF NEW YORK, ROBERT URIBE, Individually,
CHRISTOPHER LOFFREDO, Individually, JOSEPH TORRES,
Individually, ANDREW LIPARI, Individually, CHUNGKONG
IP, Individually, MICHELLE ORTIZ, Individually, SYLWIA
ZUKOWSKI, Individually, MICHAEL MCAVOY, Individually,
STEPHEN SPATARO, Individually, SEAN SMITH, Individually,
JESSI D'AMBROSIO, Individually, ROBERT AMATY,
Individually, DAN AST, Individually, TAO CHEN, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

Defendants.

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

11 CV 2841
(CBA) (VMS)

<u>Jury Trial Demanded</u>

Plaintiff, by her attorneys, Ameduri, Galante & Friscia, and Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of the civil rights of

decedent Stanley Streeter, as said rights are secured by said statutes and the Constitution the

United States.  Plaintiff also asserts supplemental state law claims.

2.      Mr. Streeter, a thirty-seven year old father of four, was viciously and unjustifiably

subdued and handcuffed by defendant NYPD officers, and then held face down to the ground for

an extended period of time by defendant NYPD officers, all while other officers stood by and

failed to intervene despite meaningful opportunities to do so, and all with brute and unnecessary force, and despite the defendants' knowledge that, *inter alia,* he had minutes earlier been en route to a hospital for a dangerously high blood pressure condition, and that the NYPD Patrol Guide prohibits maintaining individuals in custody in a face down position.   Despite an ambulance being on scene, at the defendants' behest, Mr. Streeter was held stomach and/or face down for approximately thirty minutes pending the arrival of an NYPD Emergency Service Unit ("ESU") truck, which was called to "bag" Mr. Streeter for transport to a hospital that was just minutes away, thereby depriving the decedent of necessary medical treatment for his serious medical needs, and otherwise causing or allowing him to remain face down for an extended period of time.   When ESU arrived at approximately 6:42 a.m., Streeter was turned over for the first time since he was subdued by the defendants some thirty minutes earlier, at which time it was confirmed that he was not, and likely had not been breathing.   After approximately five minutes of CPR, which was started at approximately 6:45 a.m., he was transported, at approximately 6:50 a.m., in the ambulance that had been at the scene all along to Richmond University Medical Center.   Streeter arrived at RUMC at approximately 6:56 a.m., where he was pronounced dead a short time later.   Upon being turned over upon the arrival of ESU some thirty minutes after he had been face down to the ground while restrained, Streeter had soil on his face, including in his eye and mouth, contusions to his face and body consistent with being beaten and with unlawful pressure being placed in his neck and back by the defendant officers that were holding him face down with excessive force, and he had been asphyxiated.   Despite efforts by emergency room physicians to save him, Mr. Streeter was pronounced dead a short time later at Richmond University Medical Center.

2

3.      This Second Amended Complaint, arising from this tragic, outrageous and unlawful misconduct, seeks compensatory and punitive damages, costs, disbursements and attorneys' fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

4.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.   Plaintiff asserts supplemental state law claims pursuant to state common law and the New York State Constitution.

5.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

6.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

8.      Decedent, Stanley Streeter, was an African American male who resided in Staten Island, New York.  He was the domestic partner and fiancé of plaintiff Tacqwana Burch, and the father of four children.  He was killed by the defendant NYPD officers in Staten Island, New York.  At the time of his death, Mr. Streeter was citizen of the United States, and resided in Staten Island, New York.

3

9.     Plaintiff Tacqwana Burch is the administratrix of decedent's estate, and the mother of Divine Stanley Streeter and Sakara Bertha-Ann Streeter, two of decedent's four children.

10.     Decedent Stanley Streeter's other two other children are Stanley Jaquan Streeter and Jaquesha Streeter.

11.     Defendant City of New York ("City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant City maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

13.     At all times relevant hereto, defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and was responsible for the appointment, training, supervision and conduct of all NYPD personnel, including the defendants referenced herein.   In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

14.     That at all times hereinafter mentioned, the individually named defendants, Robert Uribe, Christopher Loffredo, Joseph Torres, Andrew Lipari, Chungkong Ip, Michelle Ortiz, Sylwia Zukowski, Michael McAvoy, Stephen Spataro, Sean Smith, Jessi D'Ambrosio, Robert Amaty, Dan Ast, and Tao Chen, and John and Jane Doe 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and

4

according to their official duties.  Defendant Tao Chen held a supervisory rank, and was at all times responsible for supervising and training the defendant officers who were subordinate to him in the chain of command of the NYPD.  The above named defendants are collectively referred to as the "Individual Defendants."

15.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in purported compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

16.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

17.    On March 16, 2010, at approximately 2:30 a.m., three police officers and two EMTs arrived at the address of the decedent, 106 Quinlan Avenue, Staten Island, New York in response to a telephone call from the parents of Tacqwana Burch, decedent Stanley Streeter's fiancée and mother of two of his children.

18.    On March 16, 2010, at approximately 2:30 a.m. the decedent, without offering any resistance, departed his residence with emergency medical personnel in an ambulance.

19.    That over the course of the next two to two and one half hours, the decedent was transported back and forth to and from Richmond University Medical Center and Bayley Seton Hospital by emergency medical personnel without incident.

20.    At approximately 6:00 a.m. to 6:05 a.m., while Mr. Streeter was being transported from Bayley Seton Hospital to Richmond University Medical Center due to dangerously elevated

blood pressure, he somehow ended up outside the ambulance on the street in the vicinity of 101 Cebra Avenue, in Staten Island, New York.  At that approximate time, the two ambulance workers that were with him called 911, requesting police assistance.

21.    The defendant NYPD officers, Robert Uribe, Christopher Loffredo, Joseph Torres, Andrew Lipari, Chungkong Ip, Michelle Ortiz, Sylwia Zukowski, Michael McAvoy, Stephen Spataro, Sean Smith, Jessi D'Ambrosio, Robert Amaty, Dan Ast, and Tao Chen, were all on duty and assigned to the NYPD 120th precinct.  They arrived at the location starting at approximately 6:08 a.m. to 6:10 a.m. The emergency medical technicians advised them, in sum and substance, that Mr. Streeter was being transported to the emergency department of Richmond University Medical Center for dangerously elevated blood pressure when he exited the ambulance at that location, and that they needed assistance getting him back in the ambulance.  With deliberate disregard for Mr. Streeter's serious medical needs, the officers participated in negligently, recklessly, carelessly and/or intentionally subduing and rear handcuffing Mr. Streeter, and thereafter holding him face down to the ground for as much as approximately thirty minutes, and/or standing by while the other officers unlawfully subdued Stanley Streeter in their presence and then held him to the ground for as much as approximately thirty minutes, despite meaningful opportunities to intercede.  Among other things, defendant officers, with extreme force not necessary under the circumstances, put their knees or other body parts in Streeter's back and neck, while his face was left or held face down for an extended period of time in the soil, all while he was rear handcuffed.  Streeter was not turned over until approximately 6:44 a.m., at which time it was confirmed that he had no pulse and was not breathing.  The Individual Defendants made the reckless decision to hold Mr. Streeter face down

6

to the ground pending the arrival of officers from the NYPD Emergency Services Unit ("ESU").

Notwithstanding that Mr. Streeter was rear cuffed and not posing any threat to any police officers

or others, the defendant officers made the decision to keep Mr. Streeter face down pending the

arrival of ESU, rather than sitting him up, turning him over, rendering aid to him, or attempting

to take him to the hospital.  They made the decision to and otherwise consciously deprived Mr.

Streeter of necessary medical treatment so that he could be "bagged" by ESU, despite the fact

that the decedent was rear cuffed and not moving or posing any threat to them for most, if not all,

of the approximately thirty minutes that he was subdued and on the ground face down.  They

likewise were deliberately indifferent to his serious medical needs by holding him face down

with unnecessary force, as they knew that doing so was not permitted by the NYPD Patrol

Guide, and given that they were made aware of his elevated blood pressure by the EMT's, and

therefore knew that he had serious medical needs that required immediate attention, and that

could be compounded by stress and/or by their use of gratuitous force and/or by any

unreasonable delay in obtaining necessary treatment.  By so doing, the Individual Defendants

inflicted grave injuries, and/or stood by while said injuries were inflicted, resulting in Stanley

Streeter's untimely and tragic death.

22.    Upon information and belief, defendant Tao Chen, an NYPD supervisor holding

the rank of patrol sergeant, arrived at the location while Streeter was being unlawfully subdued

and/or held to the ground in a face down position in the manner heretofore described, and/or was

otherwise aware of the circumstances concerning the custody of Mr. Streeter, including the

determination by his subordinates to delay treatment via waiting for the NYPD ESU unit to

arrive, yet despite an opportunity to do so, he failed to intervene to prevent the use of excessive

7

force and/or the deliberate indifference to Mr. Streeter's serious medical needs and safety, and otherwise failed to adequately supervise his subordinate officers.

23.     The aforementioned attack and deliberate disregard for Mr. Streeter's serious medical needs and safety was performed knowingly, intentionally, and willfully, and was without provocation or cause.

24.     Stanley Streeter endured conscious pain and suffering as a result of his injuries.

25.     The Individual Defendants either participated in or were present or otherwise aware of the aforementioned events, and failed to intervene in the illegal conduct described herein, despite opportunity to do so.  Defendant Chen likewise failed to adequately supervise his subordinates.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, including with regard to placing individuals in custody in face down positions, based on deliberate disregard for and/or discrimination against individuals who appear to be in distress or who are deemed to be "emotionally disturbed persons", and due to a custom or practice of falsification and engaging in cover ups of abuses of authority or other police malfeasance.

27.     The aforesaid event is not an isolated incident.  Defendant City is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, dealing with individuals who appear to be in distress and/or who are deemed to be emotionally disturbed persons, and

8

regarding the ramifications of falsification and cover ups.

28.     Defendant City is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant City has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

29.     Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

30.     As a result of the foregoing, decedent Stanley Streeter sustained, *inter alia*, physical injuries, conscious pain and suffering, emotional distress, pre-death terror, loss of life, loss of enjoyment of his life, loss of earnings, and deprivation of his liberty and his constitutional rights.

31.     As a result of the foregoing, decedent's four children, Stanley Jaquan Streeter, Jaquesha Streeter, Divine Stanley Streeter and Sakara Bertha-Ann Streeter, sustained, *inter alia*, pecuniary injuries, as well as the loss of guidance and support of their father.  Further, Tacqwana Burch, having been deprived of the services of Stanley Streeter, has suffered a loss of earnings and increased child care costs due to Mr. Streeter's death.

32.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be determined by a jury, and is further entitled to punitive damages against the Individual Defendants in an amount to be fixed by a jury.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

9

paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     By reason of the foregoing, by using gratuitous, excessive and unconscionable force against Mr. Streeter, resulting in his death, and by failing to prevent their fellow officers from doing the same, and by failing to provide or seek medical attention for Mr. Streeter as he lay dying face down on the street, the Individual Defendants deprived Mr. Streeter of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.  The Individual Defendants' conduct manifested deliberate indifference to Mr. Streeter's constitutional rights.

35.     In addition, the Individual Defendants conspired among themselves to deprive Mr. Streeter of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36.     The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The Individual Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

37.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

38.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be determined by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs and Safety under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein

40.     The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to Stanley Streeter's serious medical needs and safety by disregarding an excessive risk to his health or safety, which is forbidden by the Constitution of the United States.

41.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

42.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Loss of Companionship Under 42 U.S.C. §1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Stanley Streeter was the father of Divine Stanley Street (D.O.B. 9/30/01) and Sakara Bertha-Ann Streeter (D.O.B. 6/11/05), and lived with them at 106 Quinlan Avenue in

Richmond County, New York immediately prior to his confinement and restraint by the defendants and his death.

45.     Divine Stanley Streeter and Sakara Bertha-Ann Streeter have a constitutionally defined liberty interest in preserving their integrity and stability of their family from intervention by the City and the Individual Defendants without due process of law, which means that Divine Stanley Streeter and Sakara Bertha-Ann Streeter's right to preserve their family unit were violated by the Individual Defendants, who were charged with the responsibility for the care and custody of Stanley Streeter, and with notice of his need for treatment for high blood pressure and mental health issues, did intentionally, deliberately or recklessly ignore same, resulting in Stanley Streeter's death, and in Divine Stanley Streeter and Sakara Bertha-Ann Streeter's loss of their father and the integrity and stability of their family.

46.     Divine Stanley Streeter and Sakara Bertha-Ann Streeter have a constitutionally defined liberty interest and right to a relationship with their father; companionship with their father; contact with their father; communication with their father; mutual support; and interaction with their father, and a right not to be dislocated from such emotional attachments that otherwise derive from the constitutionally protected intimacy a child is entitled to enjoy and derive from their parent without due process of law, which means that Divine Stanley Streeter and Sakara Bertha-Ann Streeter's rights to all of these intimate personal and private associations with their father, Stanley Streeter were violated by the Individual Defendants, who charged with the responsibility for the care and custody of Stanley Streeter, and with notice of his need for care for high blood pressure and mental health issues, did negligently, intentionally, deliberately or recklessly ignore same resulting in Stanley Streeter's death, and Divine Stanley Streeter and

Sakara Bertha-Ann Streeter's loss of their father and the emotional attachments and intimacies that derived from these relationships.

47.      In addition, by and through the death of their father as a result of the misconduct by the Individual Defendants that is challenged in this second amended complaint, by and through intentional, deliberate or reckless indifferent conduct and actions, Divine Stanley Streeter and Sakara Bertha-Ann Streeter have been denied all of the parental rights afforded them by the constitution without due process of law.

48.      As a result of the constitutional violations complained of, Divine Stanley Streeter, as a son, and Sakara Bertha-Ann Streeter, as a daughter, are entitled to fair and just compensation for the loss of intimate association with their father.

49.      As a result of the constitutional violations complained of, the Estate of Stanley Streeter, in particular Divine Stanley Streeter, as a son, and Sakara Bertha-Ann Streeter, as a daughter,  are entitled to fair and just compensation for the loss of the integrity and stability of the family unit.

50.      As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

51.      As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

52.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

13

53.     The Individual Defendants had an affirmative duty to intervene on behalf of Stanley Streeter, whose constitutional rights were being violated in their presence by other officers.

54.     The Individual Defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, Stanley Streeter was subjected to excessive force and deliberate indifference to his serious medical needs and safety.

56.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

57.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The supervisory defendant, Tao Chen, personally caused Stanley Streeter's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

60.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

61.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of defendant City, via the NYPD, included, but were not limited to, the use of deadly force against individuals when such force is not reasonable, maintaining individuals in custody in a face down position and/or inadequate training and supervision in this regard, inadequate training with regard to use of force, engaging in falsification, and deliberate disregard for and/or lack of adequate training with regard to dealing with individuals in a state of distress and/or who are deemed to be emotionally disturbed persons. In addition, defendant City engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Stanley Streeter's rights as described herein. As a result of the failure of defendant City to properly recruit, screen, train, discipline, and supervise its officers, including the Individual Defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the NYPD constituted deliberate indifference to the safety, well-being and

15

constitutional rights of Stanley Streeter.

66.     The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the NYPD were the direct and proximate cause of the constitutional violations suffered by Stanley Streeter as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff Stanley Streeter as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of defendant City and the NYPD, Stanley Streeter was subjected to excessive and deadly force, and to deliberate indifference to his serious medical needs and safety, resulting in his wrongful, untimely and unnecessary death.

69.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Stanley Streeter's constitutional rights.

70.     All of the foregoing acts by defendants deprived Stanley Streeter  of federally protected rights, including, but not limited to, the right:

        A.      To be free from the use of excessive force;

        B.      To be free from deliberate indifference to serious medical needs and/or safety;

        C.       To receive equal protection under law;

        D.      To be free from interference with familial relations;

        E.      To be free from supervisory liability; and

        F.      To be free from failure to intervene.

16

71.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

72.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## **Supplemental State Law Claims**

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

74.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### **AS AND FOR A SEVENTH CAUSE OF ACTION**
### (Violation of N.Y.S. Wrongful Death Statute)

78.     Plaintiff reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants' wrongful act of attacking, subduing, battering, and otherwise holding

or pinning Stanley Streeter face down to the ground for an extended period of time while rear handcuffed, and of delaying treatment for Streeter's serious injuries, caused the death of Stanley Streeter.

80.     Defendants would have been liable to Stanley Streeter had their wrongful acts of battering him and acting with reckless and negligent disregard for his medical needs without cause or provocation had not caused his death.

81.     Stanley Streeter is survived by his children as aforesaid who have suffered pecuniary losses as a result of his wrongful death, in that they had a reasonable expectation of support from the decedent, and incurred expenses relating to his death.

82.     By reason of the foregoing, the statutory distributes of Mr. Streeter's Estate sustained pecuniary and non-economic loss resulting from the loss of love, comfort, companionship, society, attention, services, income and support of Mr. Streeter.  Defendants are liable to plaintiff for the wrongful death of Mr. Streeter.

83.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

84.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     As a result of the foregoing, Stanley Streeter was placed in apprehension of

imminent harmful and offensive bodily contact.

87.     As a result of defendants' conduct, Stanley Streeter suffered physical pain and mental anguish, together with shock, fright, apprehension, pre-death terror, and physical injuries resulting in his death.

88.     As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     By reason of the foregoing, and by intentionally subduing, beating and/or otherwise holding Mr. Streeter face down for an extended period of time, the defendants committed a willful, unlawful, and intentional battery upon Stanley Streeter.

91.     By being present, failing to intervene, and aiding and abetting one another, the individual defendants assisted one another and were otherwise aware of their role as part of this tortious activity.

92.     The batteries inflicted by the Individual Defendants were unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

93.     Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

94.     As a result of the aforementioned misconduct and abuse of authority detailed

above, plaintiff sustained the damages hereinbefore alleged.

95.    As a result of defendants' conduct, Stanley Streeter consciously suffered physical pain and mental anguish, together with shock, fright, apprehension, pre-death terror and physical injuries resulting in his death.

96.    As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    The aforementioned misconduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

99.    The aforementioned misconduct was committed by the Individual Defendants while acting within the scope of their employment by defendant City of New York.

100.    The aforementioned misconduct was committed by the Individual Defendants while acting in furtherance of their employment by defendant City of New York.

101.    The aforementioned misconduct was intentional and for the sole purpose of causing severe emotional distress to Stanley Streeter.

102.    As a result of the aforementioned conduct, Stanley Streeter suffered emotional distress, physical and mental injury, together with, shock, fright, pre-death terror, and loss of freedom.

103.    As a result of the aforementioned misconduct and abuse of authority detailed

20

above, plaintiff sustained the damages hereinbefore alleged.

104.    As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid Individual Defendants whose conduct caused the pain, suffering and death of Stanley Streeter.

107.    Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the Individual Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

108.    As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

109.    As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth

21

herein.

111.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid Individual Defendants whose conduct caused the pain, suffering and death of Stanley Streeter.

112.   As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Survival Claim)

113.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   The Individual defendants' battering, subduing, beating and use of excessive force upon Stanley Streeter, together with their reckless and negligent disregard for his serious medical needs, all without cause or provocation, caused Stanley Streeter to endure great conscious terror, pain and suffering, to be attended by physicians, and to incur expenses for such medical treatment, before his death.

115.   Stanley Streeter filed no action during his lifetime, but under the laws of the State of New York, this action survives and may be asserted by his Estate.

116.   Plaintiff TACQWANA BURCH, as administratrix of the estate of Stanley Streeter, asserts the claim for damages for Stanley Streeter's conscious pain suffering and necessary medical expenses incurred prior to his death.

117.   As a result of the foregoing, the Estate of Stanley Streeter is entitled to

22

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

118.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.    As a result of the foregoing, the Estate of Stanley Streeter is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined at trial;

(B)     punitive damages against the Individual Defendants only in an amount to be determined at trial;

(C)     reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

(D)     such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: Brooklyn, New York
March 12, 2013

AMEDURI, GALANTE & FRISCIA
Attorneys for the Plaintiff
471 Bement Avenue
Staten Island, NY 10310
(718) 442-9000

By:  _____
ANTHONY L. AMEDURI (AA7701)

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street
Brooklyn, NY 11201
(718) 722-4100

By:  _____
BRETT H. KLEIN (BK4744)

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TACQWANA BURCH, AS ADMINISTRATRIX OF THE
ESTATE OF STANLEY STREETER,

                                Plaintiff,

           -against-

CITY OF NEW YORK, ROBERT URIBE, Individually,
CHRISTOPHE LOFFREDO, Individually, JOSEPH TORRES,
Individually, ANDREW LIPARI, Individually, CHUNGKONG
IP, Individually, MICHELLE ORTIZ, Individually, SYLVIA
ZUKOWSKI, Individually, MICHAEL MCAVOY, Individually,
STEPHEN SPATARO, Individually, SEAN SMITH, Individually,
JESSI D'AMBROSIO, Individually, ROBERT AMATY,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

-------------------------------------------------------------------------------X

11 CV 2841
(CBA) (VMS)

**SECOND AMENDED COMPLAINT**

AMEDURI, GALANTE & FRISCIA
Attorneys for the Plaintiff
471 Bement Avenue
Staten Island, NY 10310
(718) 442-9000

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street
Brooklyn, NY  11201
(718) 722-4100