At the United States District
Court, Eastern District of New
York, at the Courthouse located
at 225 Cadman Plaza East,
Brooklyn, New York, 11201,
on the _26_ day of
_October_, 2016.

P R E S E N T:

HONORABLE VERA M. SCANLON
United States Magistrate Judge

------------------------------------------------------------------X
TACQWANA BURCH, as Administratrix of the Estate of
STANLEY STREETER,

                              Plaintiff,        11 CV 2841 (VMS)

            -against-

CITY OF NEW YORK, ROBERT URIBE, Individually,    **Amended ORDER/DECREE**
CHRISTOPHER LOFFREDO, Individually, JOSEPH
TORRES, Individually, ANDREW LIPARI, Individually,
CHUNGKONG IP, Individually, MICHELLE ORTIZ,
Individually, SYLWIA ZUKOWSKI, Individually,
MICHAEL MCAVOY, Individually, STEPHEN
SPATARO, Individually, SEAN SMITH, Individually,
JESSI D'AMBROSIO, Individually, ROBERT AMATY,
Individually, DAN AST, Individually, TAO CHEN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------X

      TACQWANA BURCH, as Administratrix of the goods, chattels and credits which are of

STANLEY STREETER, deceased, having presented to this Court an account of proceedings

related to the gross settlement of ONE-MILLION, FIVE-HUNDRED THOUSAND

1

($1,500,000.00) DOLLARS, and said amount to be apportioned, as follows:

The sum of $1,500,000.00 for wrongful death of decedent, STANLEY STREETER, and together with a Petition, duly executed and verified by TACQWANA BURCH on the 28th day of July, 2016, wherein she prayed for the following relief:

a) That your Petitioner be authorized to settle and compromise the claims for the wrongful death of the decedent against THE CITY OF NEW YORK and the individually named police officers for the total sum of ONE-MILLION, FIVE-HUNDRED THOUSAND ($1,500,000.00) DOLLARS;

b) That your Petitioner be authorized to execute and deliver to THE CITY OF NEW YORK and the individually named defendant police officers the proper releases as an acquittance for their liability upon the payment of ONE-MILLION, FIVE-HUNDRED THOUSAND ($1,500,000.00) DOLLARS, in accordance with the directions of this Court;

c) That the compensation of the law firms of AMEDURI, GALANTE & FRISCIA, LLP, and BRETT H. KLEIN, ESQ., PLLC for legal services rendered by them in the prosecution and settlement of said action be fixed and allowed in the sum of $480,743.11 representing legal fees; and the reimbursement for disbursements to AMEDURI, GALANTE & FRISCIA, LLP, be fixed and allowed in the sum of $57,770.63 representing out-of-pocket disbursements;

d) That your Petitioner be reimbursed the sum of $4,800.00 as and for the funeral bill paid by your Petitioner;

e) That your Petitioner be authorized to receive a nominal commission for administration proceedings in the sum of $5,200.00, which sum is less than statutory commissions generally paid for administration;

f) That the net proceeds of the settlement in the sum of $951,486.26 be distributed as follows:

    i. $410,743.13 to D S S , decedent's son, payable in a lump sum of $10,000.00 to be deposited into an interest-bearing account for the benefit of his personal needs until he achieves the age of majority; and the following periodic payments payable to D S S ("Payee"): 204 guaranteed monthly payments in the amount of $2,582.00, beginning on _____, his 18th birthday and terminating on _____, one month before his 35th birthday;

    ii. $410,743.13 to S B S , decedent's daughter, the following periodic payments payable to the Guardian of the Property for the benefit of S B S ("Payee"): 7 guaranteed annual payments in the amount of $785.00, beginning on January 1, 2017 and concluding on January 1, 2023; and 6 guaranteed annual payments in the amount of $920.00, beginning on October 1, 2017, and concluding on October 1, 2022; and further upon reaching the age of majority, the following periodic payments to payable to S B S ("Payee"): 204 guaranteed monthly payments in the amount of $2,921.00, beginning on _____, and concluding on _____, one month shy of her 35th birthday;

    iii. $80,000.00 to J S , decedent's daughter, payable in a lump sum of $50,000.00; and the following periodic payments payable to J S ("Payee"): guaranteed lump sum payment of $39,771.13 payable on _____ her 35th birthday;

    iv. $50,000.00 payable in a lump sum payment to S J S , decedent's son.

    v. The future periodic payments outlined in the above sections f) i. – iii are guaranteed based upon a projected annuity purchase date of October 05, 2016. Any delay in funding the annuity may result in either a delay of the

payment start date(s) or change in payment amount(s) that shall be accurately recorded in the settlement agreement and release, qualified assignment document and annuity contract without need of obtaining an amended order up to 180 days after original purchase date.

All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended; and

WHEREAS, plaintiffs have been advised to obtain independent professional advice relating to the legal, tax and financial implications of the settlement; and have received all information required by Gen. Obligations Law §5-1702, including the amounts and due dates of the periodic payments to be made; the amount of the premium payable to the annuity issuer; the nature and amount of any cost that may be deducted from any periodic payments; and the prohibitions against transfer of the periodic payments.

## **COST OF ANNUITY**

The total sum of $841,486.26 to the order of METLIFE TOWER RESOURCES GROUP, INC. to fund the purchase of the structured settlement annuities which will provide the periodic payments described in the above sections f) i. – iii; and it is further

ORDERED, that the Defendant and/or their Insurer (the "Assignor"), shall make a qualified assignment under Section 130 of the Internal Revenue Code to METLIFE TOWER RESOURCES GROUP, INC. (the "Assignee") of the Assignor's obligation to make the periodic payments set forth in the above sections f) i. – iii; and it is further

ORDERED, that aforesaid Assignee shall fund its obligation to make such periodic payments by the purchase of an annuity contracts at a total cost of $841,486.26 from METROPOLITAN LIFE INSURANCE COMPANY (the "Annuity Issuer") which is licensed to do business as a life insurance company in the State of New York, and which is rated A+XV by A.M. Best

Company; and it is further

ORDERED that in accordance with the terms of said assignment, the aforesaid Assignee shall be substituted as obligor of such periodic payments for the Assignor, which shall be released from any further obligation to make said periodic payments; and it is further

ORDERED, that the obligations of the Assignee to make the periodic payments shall be guaranteed by METROPOLITAN LIFE INSURANCE COMPANY ("Guarantor"); and it is further

ORDERED, that in the event any payee should die before receiving all future periodic payments set forth above, the remaining payments shall be made to his/her Estate, or any such person or persons that he/she may so designate upon attaining the age of majority; in according with the terms of the Settlement Agreement and Release and the Qualified Assignment Agreement.

g) That the posting of a bond for the net proceeds be dispensed with; and

AND, the parties in interest herein having examined the said account and having found the same correct, this Court does ORDER, ADJUDGE AND DECREE that the said account is hereby judicially settled in the state and condition of said account as is stated and set forth in the following Summary Statement thereto, to wit:

A Summary Statement of the account of TACQWANA BURCHI, as Administratrix of the Goods, Chattels and Credits of STANLEY STREETER, deceased, with regard to the funds presently available as aforesaid, made by the Court, is judicially settled and allowed.

## SUMMARY STATEMENT

The said Administratrix is charged with the net sum of monies presently available for distribution, a total sum of $1,500,000.00, the sum of $1,500,000.00 being attributable to the

claim for wrongful death.

AND, it appearing that the above monies are not taxable under the laws of Taxable Transfers; and it appearing that TACQWANA BURCH has fully accounted for all monies and property which have come or will come into her hands as Administratrix with respect to the claim for wrongful death of said decedent, and her accounts having been duly adjusted by the Court and a Summary Statement of the same having been made as above and herewith records; it is

ORDERED, ADJUDGED AND DECREED, that any limitations contained in the Letters granted to TACQWANA BURCH, as Administratrix on the 29th day of September, 2011, be hereby removed, if necessary, to permit the compromise and distribution of the proceeds; and it is

ORDERED, ADJUDGED AND DECREED, that the filing of a bond by the said Administratrix be and the same is hereby dispensed with; and it is further

ORDERED, ADJUDGED AND DECREED, that the Administratrix is hereby directed to pay out and distribute the following sums: AMEDURI, GALANTE & FRISCIA, LLP and BRETT H. KLEIN, ESQ., PLLC, the sum of $480,743.11 as and for the attorneys' fees; AMEDURI, GALANTE & FRISCIA, LLP, the sum of $57,770.63 as and for reimbursement of disbursements; TACQWANA BURCH, the sum of $10,000.00; D         S
S         , the sum of $410,743.13, comprised of the up-front cash of $10,000.00 plus $400,743.13 to fund the purchase of an annuity contract (all of which are set forth in section f).i above); S         B         S         , the sum of $410,743.13 to fund the purchase of an annuity contract (all of which is set for in section f).ii above); J         S         , the

6

sum of $80,000.00, comprised of the up-front cash of $50,000.00 plus $30,000.00 to fund the purchase of an annuity contract (all of which are set forth in section f).iii above); and S'

J         S'          , the sum of $50,000.00, as per the Accounting; and it is further

ORDERED, ADJUDGED AND DECREED, that upon compliance with the terms of this Order/Decree, said TACQWANA BURCH, as Administratrix upon taking proper receipts thereof, is hereby discharged and released as to all matters and things embraced in said account.

10/26/16        ENTER:

/s/

_____
HON. VERA M. SCANLON
United States Magistrate Judge